UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
TASHIRA F. WALTERS,
    Debtor.                                                    No. 7-11-14435 SA

-and-

In re:
MARYELLEN LOUVANNA MORA,
    Debtor.                                                    No. 7-11-14442 SA

## MEMORANDUM OPINION AND ORDER FIXING LIABILITY

The matter before the Court relates to this Court's jurisdiction over a bankruptcy petition preparer and arises under Bankruptcy Code section 110. It is therefore a core matter[1] on which the Court may enter final orders. In <u>Martin v. Pamela Brown, Southwest Bankruptcy Services</u>[2], Adv. No. 09-1075-S (Bankr. D. N.M. 2010), this Court entered the following Permanent Injunction against Pamela Brown and Southwest Bankruptcy Services:

> **IT IS ORDERED** that Pamela Brown, Southwest Bankruptcy Services and any person or entity acting in concert with either or both of them is permanently restrained and enjoined from, directly or indirectly, 1) acting as a bankruptcy petition preparer, or 2) soliciting, assisting, advising, providing legal guidance, advice, assistance, or consultation of any kind to any person

---

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

[2] The adversary actually consisted of eleven different adversaries that were consolidated for trial and later unconsolidated for entries of the different judgments.

in connection with the filing or prosecution of any
bankruptcy case or any document in any bankruptcy case,
whether for a fee or for free, in the District of New
Mexico, including the preparation of documents for
filing in federal jurisdictions outside of the District
of New Mexico pursuant to 11 U.S.C. § 110(j)(2)(A) and
(B).
**IT IS FURTHER ORDERED** that this injunction is a
continuing, permanent injunction and that it may be
terminated only by the Order of a United States
District Court or Bankruptcy Court upon motion
therefor.
**IT IS FURTHER ORDERED** that the Court shall retain
jurisdiction over this matter for all purposes,
including to enable any party to the Injunction to
apply to the Court at any time for such further orders
and directions as may be necessary or appropriate for
the construction or implementation of this Injunction;
to enable the Court on it's own motion or upon
appropriate motion by either party, with service on the
other, to modify the provisions of the Injunction or to
enforce compliance with any of the provisions of the
Injunction or to punish violations of any of the
provisions of the Injunction.

On March 7, 2012 the United States Trustee filed identical motions in the two cases noted above pursuant to Bankruptcy Code Section 110 for an order holding Pamela Brown in contempt for violating the permanent injunction. See Walters case, doc 26; Mora case, doc 14. Each motion seeks a fine from Pamela Brown in the amount of $5,000 for violating the injunction and also requests that the Court require her to pay fines in other cases where she has violated the permanent injunction.

Ms. Brown was personally served with the Motions and a notice of hearing to be held April 16, 2012. See Affidavits of service; Walters case, doc 28; Mora case, doc 16. She failed to appear at the hearing. The Court entered orders (Walters case,

doc 31; Mora case, doc 19) granting the motions for contempt. The Court found that Ms. Brown had been enjoined by the Court from acting as a bankruptcy petition preparer and that, in violation of the injunction, she continued to conduct business as a bankruptcy petition preparer.  The orders also set June 11, 2012 as the date for a hearing on liability.

On June 11, 2012 the United States Trustee appeared with the above listed Debtors to present testimony and documentary evidence relating to damages and violations of the Bankruptcy Code.  Following the presentation the Court requested the United States Trustee to file exhibits setting forth a summary of the evidence.  Those exhibits were filed.  <u>See</u> Walters case, doc 38; Mora case, doc 26.  The Court has reviewed these exhibits and find that they accurately reflect the oral testimony and documentary evidence presented at the hearing.  In the Walters case, the Court finds that Pamela Brown violated section 110 eight times.  In the Mora case, the Court finds that Pamela Brown violated section 110 eight times.  Additionally, the Court finds that Pamela Brown violated the express terms of the permanent injunction by serving as a bankruptcy petition preparer in each of the two cases.

Bankruptcy Code section 110(l)(1) provides:

> A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure.

The majority position of courts addressing this issue have found that each violation carries a separate fine. In re Herrera, 2012 WL 4088863 at *6 (Bankr. D. Colo. 2012):

> This Court agrees with the majority position: "[t]he petition, the schedules, the statement of intention, the statement of financial affairs, and the verification of creditor matrix are each a separate 'document for filing' and may each give rise to separate violations of the statute." In re Springs, 358 B.R. 236, 242 (Bankr. M.D. N.C. 2006).
>
> Bankruptcy Code section 110(i)(1) provides:
>
>> If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor--
>> (A) the debtor's actual damages;
>> (B) the greater of--
>>     (i) $2,000; or
>>     (ii) twice the amount paid by the debtor to
>>     the bankruptcy petition preparer for the
>>     preparer's services; and
>> (C) reasonable attorneys' fees and costs in moving
>> for damages under this subsection.

The Court also finds that, by willfully ignoring the permanent injunction against her, Ms. Brown acted in a fraudulent and deceptive manner, justifying the $2,000 awards.

The United States Trustee also seeks "an order holding Pamela Brown in contempt for violating the terms of the permanent injunction in this case and fine her $5,000 for each violation of the permanent injunction." The Court finds that the bankruptcy court lacks jurisdiction to assess these sanctions. While this

Court could award sanctions if they were civil in nature, what the United States Trustee seeks is a criminal sanction for blatant violations of the Bankruptcy Court's injunction.

> [W]hether a contempt is civil or criminal turns on the character and purpose of the sanction involved. Thus, a contempt sanction is considered civil if it is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.
>
> International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821 827-28, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (internal quotations and citations omitted). In civil contempt, "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket." Id. at 828, 114 S.Ct. 2552 (internal quotations and citations omitted). On the other hand, "a completed act of disobedience that the contemnor cannot avoid" is criminal in nature. Id. (internal quotations and citations omitted).

Lucre Management Group, LLC v. Schempp Real Estate, LLC (In re Lucre Management Group, LLC), 365 F.3d 874, 876 (10th Cir. 2004). The Tenth Circuit has not ruled on a bankruptcy court's ability to enter criminal contempt sanctions. See Mountain America Credit Union v. Skinner (In re Skinner), 917 F.2d 444, 447 n.2 (10th Cir. 1990)("The order at issue here was one for civil contempt only; we express no opinion as to whether bankruptcy courts have authority to enter sanctions for criminal contempt.") Compare, e.g., In re Rodriguez, 2007 WL 593582 at *7-8 (W.D. Texas 2007):

**2. Bankruptcy Courts in the Fifth Circuit may not conduct criminal contempt proceedings.**

Page -5-

In contrast to their authority to conduct civil contempt proceedings, bankruptcy courts in the Fifth Circuit do not have the authority to conduct criminal contempt proceedings. See In re Hipp, Inc., 895 F.2d 1503, 1521 (5th Cir. 1990) ("Bankruptcy courts have no inherent or statutory power-and none is granted them by 11 U.S.C. § 105 or by 28 U.S.C. § 157 or by Rule 9020-to preside over section 401(3) criminal contempt trials for violation of bankruptcy court orders or to acquit, convict, or sentence for such offenses. Not only must the acquittal or conviction and sentence for such offenses be by the district court, but all critical stages of the trial of such offenses must likewise be before that court"). Criminal contempt proceedings "should be governed by Fed.R.Crim.P. 42(b), and heard by the district court (or by that court and a jury). Rule 42(b) would appear to contemplate that the district court that decides the criminal contempt will hear the evidence and conduct the trial." Id. at 1520. The Fifth Circuit has explicitly rejected the argument that the district court can conduct a de novo review of a bankruptcy court's criminal contempt finding under Bankruptcy Rule 9020. See id. at 1521. ("Hence, we conclude that de novo district court review-and certainly where that review is wholly on the basis of the bankruptcy court trial record-is not a sufficient basis on which to predicate a section 401(3) criminal contempt conviction for violation of a bankruptcy court order, notwithstanding that the district court may purport to itself render the judgment of conviction and impose the sentence. On the contrary, such criminal contempts must be tried before the district court"). The Fifth Circuit held that bankruptcy courts cannot hear or determine criminal contempts based on narrow statutory construction that was motivated by constitutional considerations. See id. at 1509. ("[W]e now turn to consideration of the bankruptcy court's power to hear and determine criminal contempts. We conclude that the bankruptcy court lacks such power, at least as to contempts not committed in (or near) its presence, so that in the event of further prosecution of this offense, the hearing and determination must be before and by the district court. While our holding in this respect is one of statutory construction and we do not ultimately determine whether this result is constitutionally mandated, our conclusion is nevertheless influenced by the perception that the constitutionality of the contrary position is subject

> to substantial question. We follow the settled rule
> that federal statutes, where they may reasonably be so
> construed without violence to their clear meaning,
> should be given an interpretation that avoids serious
> question as to their constitutional validity").

(Bold in original.) And, the Tenth Circuit Bankruptcy Appellate Panel specifically declared that sanctions for criminal contempt were beyond the bankruptcy court's jurisdiction. Armstrong v. Rushton (In re Armstrong), 304 B.R. 432, 439 (10th Cir. BAP 2004). This Court therefore concludes that it is without jurisdiction to determine the criminal contempt motion. The Court will, however, refer this matter to the United States Attorney for review[3]. Compare Berry v. United States Trustee (In re Sustaita), 438 B.R. 198, 213 (9th Cir. BAP 2010), aff'd, 460 Fed.Appx. 627 (9th Cir. 2011)(Unpublished.)(Fact that bankruptcy court referred matter to United States Attorney's Office for filing of criminal contempt proceedings against an individual did not make the fines imposed by section 110 criminal in nature. The statutory fines and penalties are civil in nature.)

---

[3] Some other courts transfer the record directly to the District Court for review. See, e.g., Rodriguez, 2007 WL 593582 at *16 (District Court reverses bankruptcy court's criminal sanction order and remands to the bankruptcy court so that it may certify the criminal contempt matter to the district court.); Henkel v. Lickman (In re Lickman), 288 B.R. 291, 293 (Bankr. M.D. Fla. 2003)(Court directs clerk to transmit the criminal contempt matter to the district court for its consideration of the issues raised.) The Court finds that referral to the United States Attorney makes more sense. That agency can confer with the United States Trustee to determine whether the criminal contempt should be prosecuted and by which agency, without forcing the issue on the District Court.

**SUMMARY**

Therefore, the Court will award damages as follows:

A) to **TASHIRA F. WALTERS**, the sum of $4,000 for eight violations of section 110(b) through (h) plus $2,000 for violation of section 110(i)(1), for a total award of $6,000.

B) to **MARYELLEN LOUVANNA MORA**, the sum of $4,000 for eight violations of section 110(b) through (h) plus $2,000 for violation of section 110(i)(1), for a total award of $6,000.

**IT IS ORDERED** that Pamela Brown shall pay to each of the Debtors at the addresses listed below, in cash or certified funds, the amount of $6,000 on or before fifteen days after the entry of this Order and shall file with the Court written proof that such payments have been made, failing which the Court shall set this matter for further hearings at which the imposition of further sanctions will be considered.

**IT IS FURTHER ORDERED** that if the full amounts are not paid within said fifteen days, interest shall accrue from the date of entry of this Order to the date of payment at the current federal post-judgment interest rate of 0.175% per annum.

**IT IS FURTHER ORDERED** that the Court will transmit a report of this matter to the United States Attorney.

Case 11-14435-s7    Doc 39    Filed 10/15/12    Entered 10/15/12 17:08:39 Page 8 of 9



```
                                    Honorable James S. Starzynski
                                    United States Bankruptcy Judge
```

Date entered on docket: October 15, 2012

Copies to:

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Maryellen Louvanna Mora
17 C Saxon Rd
Los Lunas, NM 87031

Tashira F Walters
7627 Via Sereno SW
Albuquerque, NM 87121

Pamela Brown
2921 Carlisle Blvd. N.E., Suite 104
Albuquerque, NM, 87110

Office of the US Attorney
PO Box 607
Albuquerque, NM 87103-0607